4:30



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable O. P. Lockhart
Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-6092
Re: Whether a fraternal benefit
society operating under
Chapter 8, Title 78, Vernon's
Annotated Civil Statutes, has
authority to issue health and
accident policies to persons
other than members holding
death benefit certificates,
and related questions?

  We have given consideration to your letter of June 27, 1944, containing the above question and requesting the opinion of this department thereon. Also in your letter you desire to be advised whether any such society may issue health and accident policies to children (a) whose lives are insured by the society, or (b) whose lives are not so insured.

  You also desire us to advise you whether or not the minimum membership requirement of four hundred members as mentioned in Article 4838, Section 4 and Article 4852 means four hundred members holding death benefit certificates or whether the term may include holders of accident and health policies without death benefits?

  Article 4820, Vernon's Annotated Civil Statutes, provides:

Honorable O. P. Lockhart, Page 2

"Art. 4820. Fraternal Benefit Societies Defined

"Any corporation, society, order or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, and having a lodge system and representative form of government, or which limits its membership to a secret fraternity having a lodge system and representative form of government, and which shall make provision for the payment of benefits in accordance with Section 4 hereof, is hereby declared to be a Fraternal Benefit Society."

Article 4824, V. A. C. S. provides:

"Subsec. 1. Every society transacting business under this Act shall provide for the payments of benefits upon the death of its members either within a term of years or at any time, and may provide for benefits payable upon its members reaching seventy years of age, and may also provide, for the payment of benefits in case of total and permanent disability, and may provide also for the payment of benefits in the event of temporary disability and for monuments or tombstones to the memory of its deceased members, and for the payment of funeral benefits.

"Subsec. 2. Any society may also enter into contracts in such other forms and granting such benefits as its laws may authorize when it shall provide for the accumulation and maintenance of assets required for the payment of such benefits when valued upon an interest basis not exceeding four (4%) per cent per annum and mortality standards adopted by it within the limitations provided in the statutes relating to Fraternal Benefit Societies, or at the option of the society in the statutes relating to life insurance companies."

Article 4825 of said statute, provides:

"That any Fraternal Benefit Society authorized to do business in this State may provide in its laws,

Honorable O. P. Lockhart, page 3

in addition to other benefits provided for therein, for insurance, annuities, or for insurance and annuities, upon the lives of children at any age, upon the application of some adult person related to or interested in said child as the laws of such society may provide. Any such society may at its option organize and operate branches for such children and membership in local lodges, and initiation therein shall not be required of such children, nor shall they have any voice in the management of the society."

Article 4834 of said statute provides in part as follows:

"Every certificate issued by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation or, if a voluntary association, the articles of association, the constitution any laws of the society, and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society, and the member, and copies of the same, certified by the secretary of the society, or corresponding officer, shall be received in evidence of the terms and conditions thereof. . . "

Article 4838 of said statute relating to and authorizing the organization and formation of Fraternal Benefit Societies contains the provision "when any domestic society shall have discontinued business for the period of one year, or has less than four hundred members, its charter shall become null and void." A similar provision contained in Article 4852 relating to the examination of such domestic societies, contains the provision, ". . . or whenever any domestic society, after the existence of one year or more, shall have a membership of less than four hundred, . . . . said Commissioner may present the facts relating thereto to the Attorney General, . . ."

We have quoted above the material articles or provisions thereof deemed necessary in answering your request. It is noted that a chief and predominant characteristic of a

Fraternal Benefit Society operating under Chapter 8, Title 78 of said statutes is one which makes provision for the payment of benefits in accordance with the provisions of Article 4824, supra. Further, the society is carried on solely for the mutual benefit of its members and their beneficiaries.

The last above quoted article provides that such societies shall provide for the payment of benefits upon the death of its members. Additional benefits are thereafter designated but each following the use of the words May or may also.

It is a familiar rule of construction that where both mandatory and directory verbs are used in the same statute or sentence of a statute, it is a fair inference that the Legislature realized the difference in meaning, and intended that the verbs used should carry with them their ordinary meanings, Sutherland Statutory Construction, Vol. 3, Par. 5821, P. 116, 3rd Ed.

In 1917 the 35th Legislature passed an Act designed to provide whole family protection for members of Fraternal Benefit Societies. Section 1 of that Act provided that any such society authorized to do business in this State or operating on the lodge plan may provide in its constitution and by-laws, "in addition to other benefits provided for therein, for the payment of death or annuity benefit upon the lives of children between ages of two and eighteen years . . ., for whose support and maintenance a member of such society is responsible." (Art. 4825, R. C. S., 1925)  This Article was later amended by the 41st Legislature, Acts 1929, with the stated purpose of liberalizing juvenile benefits and as amended, reads as above quoted.

Where formerly, the Legislature extended the authority of certain societies to provide for the payment of death or annuity benefits upon the lives of children between the ages of two and eighteen years of qualified members our present law enlarges this authority by authorizing any society authorized to do business in this State to provide "for insurance, annuities, or for insurance and annuities, upon lives of children at any age upon the application of some adult person related to or interested in said child as the laws of the society may provide."

It is apparent from the foregoing authorities that the Legislature, insofar as the laws of the society may provide, has made no distinction between juveniles of any age and adult members. Furthermore, an examination of the original Act of 1913, discloses that beneficial membership in any such society was extensible to any person not less than sixteen years of age and not more than sixty years of age. (Acts 1913, 33rd Leg. P. 113, Sec. 7) This provision, however, was repealed by the Acts of 1931, 42nd Leg., Ch. 48.

In this same Act of 1931 which amended Section 7 of the original law, the right of juvenile membership is recognized in the following language "No member under sixteen years shall have a voice or vote in the management of the society." (Art. 4822, V. A. C. S.)

Answering the questions propounded, therefore, it is our opinion that a Fraternal Benefit Society operating under Chapter 8, Title 78, V. A. C. S., is not authorized to issue health and accident policies to persons not members of the society. The term "members" may include a juvenile of any age eligible under the laws of the society.

It necessarily follows, in view of the foregoing, that the term "four hundred members" used in Article 4838, Section 4 and Article 4852, R. C. S., 1913, means four hundred members holding death benefit certificates to the exclusion of any other person.

APPROVED SEP 22 1944

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Wm. J. R. King
Assistant

Wm.K:fo


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN